# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT ALAN COACHE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72397

FILED

JUL 19 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit extortion by public officer or employee, extortion by public officer or employee, conspiracy to commit asking or receiving bribe by public officer, asking or receiving bribe by public officer, conspiracy to commit money laundering, and 44 counts of money laundering. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Appellant Robert Coache was a deputy engineer and a chief engineer for the southern Nevada branch of the State Engineer's office. In that capacity, Coache was responsible for the initial and final review of water rights applications in southern Nevada—conducting field investigations, analyzing applications, and making recommendations as to whether the State Engineer should approve or deny an application. Coache was also responsible for communications with the Carson City office, was the office's "eyes" in southern Nevada, and worked with the public regarding the process and likelihood of receiving a permit for water rights. The Carson City office relied on Coache's advice when deciding whether to grant permits.

The State charged Coache with multiple crimes based on a scheme in which he utilized his public office with the State Engineer to help

19-30562

obtain a water permit for landowner John Lonetti, then trade and sell that permit, along with Lonetti's other water permits, in exchange for a sizeable interest in the proceeds from those permits. The State tried Coache with codefendant Michael Johnson, and the jury convicted Coache after a twelve-day trial. Coache now appeals.[1]

## DISCUSSION

Coache argues there was insufficient evidence to convict him of conspiracy, asking or receiving a bribe, extortion, or money laundering. "The standard of review [when analyzing the sufficiency of evidence] in a criminal case is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Nolan v. State*, 122 Nev. 363, 377, 132 P.3d 564, 573 (2006) (alteration in original, internal quotation marks omitted). Although Coache's conduct may have been unethical and constituted self-dealing, we are not convinced that a rational juror could reasonably find, beyond a reasonable doubt, that Coache committed the charged offenses based on the evidence presented at trial.

### Conspiracy

Coache contends that he did not commit conspiracy because he "had no communications, let alone agreements" with Johnson, Lonetti, or anyone at the State Engineer's office regarding Lonetti's application for water rights or the sale and trade of those rights. Having reviewed the record, we find no evidence to show that Coache knew the payments by Lonetti to Rio Virgin were criminal or unlawful payments to Johnson. We agree, therefore, that the remaining evidence relevant to conspiracy is not

---

[1]The parties are familiar with the facts of this case and we recite them here only as necessary.

sufficient for a rational juror to reasonably infer that Johnson and Coache conspired to commit extortion by public officer or employee, asking or receiving a bribe by a public officer, or money laundering. *See* NRS 199.430(3) (providing that conspiracy is an agreement between "two or more persons . . . [t]o accomplish any criminal or unlawful purpose, or to accomplish a purpose, not in itself criminal or unlawful, by criminal or unlawful means"); *Rowland v. State*, 118 Nev. 31, 46, 39 P.3d 114, 123 (2002) ("[C]onspiracy is usually established by inference from the conduct of the parties."); *Garner v. State*, 116 Nev. 770, 780, 6 P.3d 1013, 1020 (2000) ("Evidence of a coordinated series of acts furthering the underlying offense is sufficient to infer the existence of an agreement and support a conspiracy conviction."), *overruled on other grounds by Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002). We therefore reverse the convictions for counts 1, 3, and 7. We next analyze whether there was sufficient evidence for a reasonable jury to conclude beyond a reasonable doubt that Coache, individually, was guilty of the remaining offenses.

*Asking or receiving a bribe*

Coache argues that he did not take a bribe, and that the $600,000 he received was related to a legitimate real estate transaction, not a payment for him to influence the decision to grant Lonetti's water permit. NRS 197.040 makes it a crime for a State employee to request or receive compensation for the purpose of influencing his official actions:

> [A] person employed by . . . the State . . . who asks or receives, directly or indirectly, any compensation, gratuity or reward, or any promise thereof, upon an agreement or understanding that his or her vote, opinion, judgment, action, decision or other official proceeding will be influenced thereby . . . is guilty of [bribery].

Having reviewed the record, we conclude that there was insufficient evidence presented for a rational juror to find all the elements set forth in NRS 197.040 beyond a reasonable doubt. The evidence admittedly casts Coache's conduct in a suspicious light, but it falls short of supporting a reasonable inference that Coache asked for or received money with the understanding that it would influence his official actions as a State employee. Specifically, there was no evidence that Coache had any involvement with granting Lonetti's permit. Therefore, any connection Coache may have had to the underlying scheme with Johnson could not have amounted to bribery.

*Extortion*

Coache argues he could not have committed extortion because he did not perform any act to award water rights to Lonetti, never traded those water rights, never communicated with Johnson regarding the permit, and he was not involved with the Rio Virgin consulting agreement. A "public officer or employee" may be convicted of extortion upon proof beyond a reasonable doubt that he "receive[d] or agree[d] to receive a fee or other compensation for official service or employment . . . [w]here a fee or compensation is not allowed by statute." NRS 197.170. Again, we conclude that there was not enough evidence that Coache received money in exchange for him performing his job or acting under color of his office with the State Engineer with respect to the Lonetti permit application.

*Money Laundering*

Coache argues there was insufficient evidence to convict him of money laundering because he never obtained money from an illegal source or activity. If a monetary instrument is directly or indirectly derived from an unlawful activity, it is unlawful for a person, having knowledge of that fact, to conduct or attempt to conduct a financial transaction with the intent

to further or conceal the unlawful activity. NRS 207.195. "Unlawful activity" under Nevada's money laundering statute includes "any offense punishable as a felony pursuant to state or federal statute." NRS 207.195(5)(c). There is not sufficient evidence to show Coache knew the proceeds of the Madras transaction with Johnson were derived from unlawful activity, rather than a legitimate real estate transaction, or that the transactions he made after receiving that money were with the intent to conceal it. Particularly, because Coache was not the one who orchestrated the permit sale and swap. Having found insufficient evidence for all of Coache's convictions, we decline to address the remaining arguments raised on appeal, and accordingly

ORDER the judgment of conviction REVERSED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

cc:   Hon. Richard Scotti, District Judge
Justice Law Center
Edwin Blaine Brown
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A